**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NELSON ULISES DURON-AMADOR,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 09-9562
(Petition for Review)

---

**ORDER AND JUDGMENT**<sup>*</sup>

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit
Judges.

---

Nelson Ulises Duron-Amador, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' denial of his second motion to

reopen removal proceedings. Exercising jurisdiction under 8 U.S.C. § 1252(a)(1),

---

<sup>*</sup>      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we deny his petition for review and deny his motion to proceed in forma pauperis (IFP), *see* 28 U.S.C. § 1915.

## Background

Mr. Duron-Amador entered the United States legally in 1994 but overstayed his visa and was placed in removal proceedings in 1999. *See* 8 U.S.C. § 1227(a)(1)(B). At an initial master calendar hearing before an Immigration Judge (IJ), Mr. Duron-Amador's counsel said her client intended to apply for Temporary Protected Status (TPS), *see id.* § 1254a, and asked the IJ to terminate removal proceedings. Because the TPS application had not already been approved, the IJ administratively closed the case, instructing the parties to file "a motion to re-calendar if either side wants it back on the calendar." Admin. R. at 329.

On October 23, 2003, the United States Citizenship and Immigration Services' Office of Adjudications denied Mr. Duron-Amador's TPS application for "abandon[ment]," explaining that although the denial of a TPS application "may not be appealed . . . you may file a motion to reopen under 8 CFR 103.5 . . . within 30 days of the decision." Admin. R. at 418. Mr. Duron-Amador filed a motion to reopen, which was denied.

In June 2004, the Department of Homeland Security (DHS) moved to re-calendar removal proceedings, citing the denial of both Mr. Duron-Amador's TPS application and his motion to reopen the TPS application. The immigration

-2-

court scheduled a hearing for August 2004, re-set it several times (twice at Mr. Duron-Amador's request), and finally held the hearing before an IJ on May 19, 2005. At that hearing, Mr. Duron-Amador—with the assistance of new counsel—conceded he was removable as charged, indicated he intended to apply for cancellation of removal, and alluded to an apparently pending *new* application for TPS. The IJ continued the hearing until March 28, 2006, and instructed Mr. Duron-Amador to file the cancellation application at least fifteen days beforehand and to have his fingerprints taken at least two months prior to the hearing. The IJ also advised counsel that if the new TPS application was approved before the hearing, he "could file a [m]otion to set [the hearing] earlier," *id.* at 333.

On March 28, 2006, Mr. Duron-Amador filed a "Motion for Production of Documents to Establish Removability or Strike the NTA and Terminate Proceedings." *Id.* at 357. In it, he claimed his new TPS application was wrongfully denied. Without explanation, the immigration court continued the case until March 1, 2007. Shortly before that hearing, Mr. Duron-Amador filed a motion to continue, asserting that he intended to adjust his status through his United States citizen son. He also stated that his "TPS status is in question due to a misdemeanor . . . that [he] does not concede[.]" *Id.* at 350, ¶ 3.

At the March 1, 2007, hearing Mr. Duron-Amador asked the IJ to review the denial of his new TPS application and for an opportunity to apply for

adjustment of status.  He also alluded to cancellation of removal and the Rights to Life Act.  The IJ was unpersuaded.  He observed that Mr. Duron-Amador's case had been pending since 2004 and, in his March 1, 2007, oral decision explained:

> [T]here's no TPS application, there's no Adjustment application . . . he's not eligible for Adjustment of Status through his son, because his son is not an American citizen at this particular time.  He's not eligible for Temporary Protective Status because it was denied.  He failed to [challenge that decision] within . . . the time that Immigration authorities asked him to[1] . . . there's no Application for Relief in front of the Court at this time.  The Court . . . has given this individual and his attorney more than sufficient time to get ready, more than sufficient time to get the applications in and he hasn't done it.

*Id.* at 325.  Thus, the IJ ordered Mr. Duron-Amador removed from the United States but granted him voluntary departure.

Mr. Duron-Amador timely appealed, the DHS opposed the appeal, and on October 31, 2008, the Board of Immigration Appeals (BIA) affirmed the IJ's decision.  Specifically, the BIA concluded that the IJ properly found Mr. Duron-Amador removable as charged, observing that the IJ "twice noted . . . that the respondent had admitted the allegations [in] the Notice to Appear and conceded the charge of removability." *Id.* at 250.  Further, the BIA determined that there was

---

[1]    Counsel for DHS explained at the March 1, 2007, hearing that there was "a final [d]ecision withdrawing [the new] TPS [in 2006] because [Mr. Duron-Amador] had two misdemeanor convictions . . . and that's never been [challenged] so that's a final [d]ecision."  Admin. R. at 340.

no support for the respondent's generalized assertions on appeal that his due process rights were violated. The Immigration Judge . . . made clear what he expected the respondent to do in preparation for his individual hearing. When [he] was unprepared to go forward at that hearing, the Immigration Judge was well within his discretion to deny the respondent's motion to continue. Moreover, the respondent had not filed applications for relief with the Immigration Judge or any evidence to show that he is eligible for the relief he sought. Despite assertions throughout these proceedings that he might be eligible for various types of relief from removal, the respondent has not provided any support for those assertions, such as a receipt notice or approval notice of an immediate relative petition he claimed was filed by his ex-wife, evidence of a pending TPS application, or evidence that he is the father of the individual he contended was going to file a petition on his behalf.

*Id.* at 251 (citation omitted). The BIA dismissed the appeal and, pursuant to the IJ's order, allowed Mr. Duron-Amador sixty days—until December 30, 2008—to voluntarily depart the United States.

### First Motion to Reopen

Mr. Duron-Amador did not petition for judicial review within thirty days of the BIA's October 31, 2008, decision, as required by 8 U.S.C. § 1252(b)(1). But on January 2, 2009, he filed a timely motion to reopen, seeking to adjust his status based on a pending immediate relative visa petition.[2] The BIA denied the motion on March 10, 2009, holding Mr. Duron-Amador statutorily barred from

---

[2] A motion to reopen seeks to present evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). "An alien is . . . limited to only one motion to reopen, which must be filed within 90 days of the [final] order [of removal]." *Wei v. Mukasey*, 545 F.3d 1248, 1251 (10th Cir. 2008) (citing 8 U.S.C. § 1229a(c)(7)(A)-(C)(i); 8 C.F.R. § 1003.2(c)(2)).

adjusting his status because he did not withdraw his request for voluntary departure before the expiration of his sixty-day voluntary departure period. *See Dada v. Mukasey*, 128 S. Ct. 2307, 2311, 2319 (2008). The BIA also concluded that reopening was unwarranted because Mr. Duron-Amador's motion was "not supported by a copy of his adjustment of status application" or "other evidence of his statutory eligibility for relief." Admin. R. at 201 (citing 8 C.F.R. § 1003.2(c)(1)); *see also* 8 U.S.C. § 1229a(c)(7)(B) ("The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material.").

### Second Motion to Reopen

Mr. Duron-Amador did not petition for judicial review within thirty days of the BIA's March 10, 2009, decision denying his first motion to reopen. *See* 8 U.S.C. § 1252(b)(1). But on June 1, 2009, he filed a second motion to reopen, again seeking to adjust his status. The DHS opposed the motion, and the BIA denied it on October 23, 2009, deeming the motion untimely under 8 U.S.C. § 1229a(c)(7)(C)(i), and number-barred under 8 U.S.C. § 1229a(c)(7)(A). The BIA also determined "that no exceptions to the filing restrictions imposed on motions to reopen apply," Admin. R. at 6 (citing 8 C.F.R. § 1003.2(c)(3)), and no "exceptional situation" warrants *sua sponte* reopening, *id.* (citing 8 C.F.R. § 1003.2(a)).

This timely petition for review of the BIA's October 23, 2009, decision followed.

**Discussion**

Although Mr. Duron-Amador's petition seeks judicial review of the BIA's October 23, 2009, final order of removal, most, if not all, of his appellate brief challenges (1) the BIA's October 31, 2008, affirmance of the IJ's March 1, 2007, decision, denying a continuance and ordering removal, and (2) the BIA's March 10, 2009, denial of Mr. Duron-Amador's first motion to reopen. *See, e.g.*, Pet'r Opening Br. at 9-10; *see also id.* at 12-13. But as previously mentioned, Mr. Duron-Amador did not file a timely petition for judicial review from either of these decisions, as required by 8 U.S.C. § 1252(b)(1), and we therefore lack jurisdiction to review them. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). Thus, we turn to the BIA's October 23, 2009, denial of his second motion to reopen.

Generally, we have jurisdiction to consider the denial of a motion to reopen. *See id.* at 1361-62 (holding motions to reopen or reconsider subject to judicial review and reviewing denial of motion to reopen, despite lack of jurisdiction to review underlying order that was not timely appealed). We review such a decision for an abuse of discretion. *Id.* at 1362; *see also Witjaksono v. Holder*, 573 F.3d 968, 979 n.10 (10th Cir. 2009). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from

-7-

established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon*, 386 F.3d at 1362.

"Federal Rule of Appellate Procedure 28(a)(9)(A) requires appellants to sufficiently raise all issues and arguments on which they desire appellate review in their opening brief. An issue or argument insufficiently raised in the opening brief is deemed waived." *Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007); *see also Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009), *petition for cert. filed* (U.S. Jan. 25, 2010) (No. 09-9834); *Kabba v. Mukasey*, 530 F.3d 1239, 1248 (10th Cir. 2008). In this case, Mr. Duron-Amador's opening brief does not specifically take issue with the BIA's October 23, 2009, denial of his second motion to reopen. To be sure, he mentions the second motion to reopen in passing, *see* Pet'r Opening Br. at 7, 8, 18, and recites an abuse-of-discretion standard (albeit not from this Circuit), *id.* at 40. But absent any indication of what error he believes the BIA made, he has waived review of the only decision over which we have jurisdiction.

## Conclusion

The petition for review is DENIED and Mr. Duron-Amador's motion to proceed IFP is DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-8-