FILED
United States Court of Appeals
Tenth Circuit

August 8, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JULIO PIZANO-ZEFERINO,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 10-9537
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

Julio Pizano-Zeferino petitions this court for review of an order of the

Board of Immigration Appeals (BIA) denying his motion to reopen and reconsider

its denial of his application for cancellation of removal. We dismiss the petition

for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Pizano-Zeferino is a native and citizen of Mexico who entered the United States illegally without being admitted or paroled. He has conceded his removability from this country. Although the Attorney General charges that he arrived in the United States on February 15, 2000, he claims he has been here since April 14, 1995.

Mr. Pizano-Zeferino has two United-States-citizen children: Yvette, born in 1997 and Julio, born in 2001. Yvette suffers from asthma, for which she takes medications, and from an allergy to metallic objects.

Mr. Pizano-Zeferino is self-employed in construction doing stucco work. He lives with his girlfriend, Magdalena Rodriguez-Moreo, who is the mother of his children and who is also apparently in this country illegally. According to Mr. Pizano-Zeferino, at the time of these proceedings his girlfriend was waiting for adjustment of status based on her father's pending naturalization application. He planned to marry her thereafter and thereby adjust his own status.

After he was issued the notice to appear in this case, Mr. Pizano-Zeferino applied for cancellation of removal, citing exceptional and extremely unusual hardship to his American-citizen children if he were removed to Mexico. The immigration judge (IJ) held a hearing at which Mr. Pizano-Zeferino testified concerning his application. At the conclusion of the hearing, the IJ denied cancellation of removal. He found that Mr. Pizano-Zeferino did not establish that

he had ten years of continuous physical presence in the United States and that he had failed to show exceptional and extremely unusual hardship to his two American-citizen children.

Mr. Pizano-Zeferino appealed to the BIA. The BIA affirmed the IJ's decision that he had failed to demonstrate exceptional and extremely unusual hardship to his United-States-citizen children if he were removed to Mexico. In light of this determination, it did not consider the continuous physical presence issue.

Mr. Pizano-Zeferino did not seek review of the BIA's order in this court. Instead, he obtained new counsel and filed a "Motion to Reconsider" with the BIA, alleging changed circumstances since the IJ hearing. He argued that his daughter's medical diagnosis had changed for the worse and that environmental conditions in Mexico, coupled with the limited medical care available there, could be life-threatening for her. Given the new evidence he submitted with the motion, Mr. Pizano-Zeferino contended that he had demonstrated the requisite severity of hardship to obtain cancellation of removal.

Because Mr. Pizano-Zeferino alleged "changed circumstances," the BIA treated his motion to reconsider as both a motion for reconsideration and a motion to reopen its prior decision. It denied reconsideration because the motion did not identify any material legal or factual defect in its previous decision. It denied

reopening because the new evidence either was not previously unavailable or did not establish prima facie eligibility for cancellation of removal.

## II. ANALYSIS

### 1. Scope and Standard of Review

Mr. Pizano-Zeferino did not petition for review of the BIA's underlying order of removal. Accordingly, all that is before us is his petition for review of the BIA's order denying his motion to reconsider/reopen its previous decision. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995) (contemplating separate, timely filings of petition for review from underlying order of removal and of petition for review of denial of motion for reconsideration).[1] We review this order for an abuse of discretion. *Wei v. Mukasey*, 545 F.3d 1248, 1254 (10th Cir. 2008)

---

[1] The Attorney General has notified us that Mr. Pizano-Zeferino has now been removed from the United States. The agency regulations provide that "[a]ny departure from the United States, including the deportation or removal of a person who is the subject of . . . removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion." 8 C.F.R. § 1003.2(d). We requested supplemental briefing on whether, if the motion for reopening and/or reconsideration was withdrawn from the BIA's consideration by operation of law under § 1003.2(d) upon Mr. Pizano-Zeferino's removal, such withdrawal would make it impossible for us to grant him the relief he seeks--a remand for further consideration of the motion by the BIA--thus effectively mooting his petition for review. The Attorney General responded with his view that, because the BIA ruled on the motion prior to Mr. Pizano-Zeferino's removal, the withdrawal provision of § 1003.2(d) does not apply here. Thus, the petition for review would not be moot. We defer to the Attorney General's interpretation of § 1003.2(d). *See Wei v. Mukasey*, 545 F.3d 1248, 1256 (10th Cir. 2008).

(motion to reopen); *Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003) (motion for reconsideration).

**2. Cancellation of Removal**

A nonpermanent resident alien may receive cancellation of removal if he:

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title [except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver]; and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

As noted, the BIA determined that Mr. Pizano-Zeferino failed to establish the "exceptional and extremely unusual hardship" required under the statute, even with the new evidence he submitted. He raises a number of issues concerning this determination. As best we can make out his contentions, he is arguing that: the IJ and the BIA improperly disregarded the extreme hardship inherent in the ten-year bar to reentry upon removal and its effect on family unity, *see* 8 U.S.C. § 1182(a)(9)(B)(i)(II); the IJ failed to advise him concerning the reentry bar; imposition of the ten-year reentry bar will violate both his right to due process

-5-

and his right to equal protection; and the denial of his motion to reopen denied him due process.

As the Attorney General correctly notes, under 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks jurisdiction to review the BIA's discretionary finding that an alien "has failed to demonstrate that removal would cause exceptional and extremely unusual hardship." *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148 (10th Cir. 2005) (quotation omitted). Moreover, "[b]ecause § 1252(a)(2)(B)[i] precludes our review of an 'exceptional and extremely unusual hardship' determination under § 1229b(b)(1)(D) [barring judicial review of discretionary decisions], it also precludes our jurisdiction to review the BIA's denial of a motion to reopen [where the BIA has concluded that] the alien still has failed to show the requisite hardship." *Alzainati v. Holder*, 568 F.3d 844, 849 (10th Cir. 2009). Thus, we may not review the BIA's discretionary hardship decision, whether predicated on its original analysis (which it did not modify on Mr. Pizano-Zeferino's request for reconsideration) or on the new evidence he submitted with the request to reopen.

Mr. Pizano-Zeferino attempts to circumvent the bar on our review of the BIA's discretionary decisions, however, by casting his arguments in the form of constitutional contentions based on equal protection and due process. But in order to obtain review of the agency's denial of his application for cancellation of removal (and corresponding denial of his motion to reconsider and reopen), he

must first at least present a "*substantial* constitutional issue" for our review.  *See Alvarez-Delmuro v. Ashcroft*, 360 F.3d 1254, 1256 (10th Cir. 2004).

We agree with the Attorney General that Mr. Pizano-Zeferino has failed to present a substantial constitutional issue for our review.  He did not raise his argument about lack of notice of the re-entry bar before the BIA in his motion to reconsider and reopen.  We therefore lack jurisdiction to review it.  *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991); *see also Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007).  He fails to show that his arguments about "family unity" involve constitutional concerns separate and apart from the non-reviewable weighing of factors committed to agency discretion. Finally, his unfocused arguments about due process and equal protection fail to demonstrate that he did not receive a fair administrative proceeding for purposes of his due process claim or that he was treated differently from similarly-situated persons for purposes of equal protection.  We discern no substantial constitutional issue presented in these arguments.

### III.  CONCLUSION

The petition for review is therefore DISMISSED for lack of jurisdiction.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-7-