**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

───────────────────

ALFONSO RIOS GONSALEZ, a/k/a
Alfonso Gonzalez-Rios, a/k/a Ramon
Alfonso Rios-Gonzalez,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 13-9606
(Petition for Review)

───────────────────

**ORDER AND JUDGMENT**[*]

───────────────────

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

───────────────────

Alfonso Rios Gonsalez, a native and citizen of Mexico, seeks review of a

Board of Immigration Appeals' (BIA's) decision upholding an Immigration Judge's

(IJ's) removal order. We have jurisdiction under 8 U.S.C. § 1252, and we deny

Mr. Gonsalez's petition for review.

───────────────────

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Mr. Gonsalez attempted to enter the United States on March 31, 2001, but was apprehended by border patrol officers and he voluntarily returned to Mexico. The following day, however, he successfully entered this country without inspection.

In December 2009, police in Avon, Colorado, arrested Mr. Gonsalez on charges of driving without a license, having obstructed windows, and possessing a forged instrument. That same month, the Department of Homeland Security (DHS) began removal proceedings by serving him with a Notice to Appear (NTA), charging him as an alien present in the country without being admitted or paroled.

In response, Mr. Gonsalez, who was represented by counsel, refused to concede the NTA's service and charges, and he sought to suppress as the fruit of a poisonous tree "all derivative evidence resulting from the traffic stop." R. at 206. An IJ denied relief.

In August 2011, Mr. Gonsalez appeared for a hearing before the IJ and admitted he "ha[d] no evidence" showing a prior lawful admission, but he reasserted his fruit-of-the-poisonous-tree theory. R. at 93, 94. The IJ again rejected the theory and sustained the charge of removability. He directed Mr. Gonsalez to file any documents supporting cancellation of removal by December 2011, and to appear for a merits hearing in November 2012.

In January 2012, Mr. Gonsalez submitted an untimely application for cancellation of removal, claiming that he first entered the United States on May 1,

1999, but he provided no evidence to support that date. Three months before the scheduled hearing, Mr. Gonsalez's counsel moved to withdraw, citing his client's failure to comply with their attorney-fee agreement. The IJ promptly granted the motion.

At the November 2012 hearing, Mr. Gonsalez appeared with new counsel, who stated that he had only "recently been hired"[1] and he needed a continuance in order to prepare. *Id.* at 106. He suggested that there "may be a possibility" that Mr. Gonsalez would qualify for deferred action. R. at 112.[2] DHS opposed a continuance, citing Mr. Gonsalez's delay in obtaining new counsel and arguing that cancellation would be unavailable because Mr. Gonsalez had not been continuously present in the United States for ten years before DHS served the NTA in December 2009. *See* 8 U.S.C. § 1229b(d)(1) (providing that an alien's continuous presence in the United States for ten years, in order to obtain cancellation of removal, ends when an NTA is served on the alien).

---

[1]    It appears that Mr. Gonsalez retained his new attorney sometime in October 2012.

[2]    Under the Deferred-Action-for-Childhood-Arrivals (DACA) process, United States Citizenship and Immigration Services allows "[c]ertain people who came to the United States as children and meet several key guidelines [to] request consideration of deferred action for a period of two years, subject to renewal." *See* http://www.uscis.gov/humanitarian/consideration-deferred-action-childhood-arrivals-process#guidelines. One of the guidelines requires that the applicant be "under the age of 31 as of June 15, 2012." *See id.* Mr. Gonsalez was thirty-seven on that date.

The IJ denied the request for a continuance, explaining that DHS was opposed to a continuance; four continuances had already been granted since the case began nearly three years earlier; Mr. Gonsalez had over a year to prepare for the merits hearing; Mr. Gonsalez did not appear to have acted promptly in securing new counsel; and no evidence had been offered to show that he might prevail through his cancellation application.

The IJ then proceeded to the merits of the request for cancellation of removal. But Mr. Gonsalez's counsel informed the IJ that he "really [did not] understand the case enough to" address cancellation of removal, R. at 119; that he had "no evidence" to support cancellation, *id.* at 121; and that Mr. Gonsalez would "take the deportation" and appeal the denial of a continuance, *id.* at 120. Counsel declined, however, to abandon the cancellation application. The IJ then denied cancellation and ordered Mr. Gonsalez removed to Mexico.

The BIA affirmed the IJ's decision, rejecting Mr. Gonsalez's arguments that the IJ was biased and that he had erred by allowing Mr. Gonsalez's first attorney to withdraw. The BIA further determined that Mr. Gonsalez had not demonstrated good cause for a continuance and that Mr. Gonsalez's due-process rights were not violated by being denied a continuance.

## DISCUSSION

Because a single member of the BIA entered a brief affirmance order under 8 C.F.R. § 1003.1(e)(5), we review the BIA's decision as the final order of removal,

but "we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). We review the denial of a motion for a continuance only to determine if the decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Young Hee Kwak v. Holder*, 607 F.3d 1140, 1143-44 (10th Cir. 2010) (internal quotation marks omitted).

## I. Denial of a Continuance

Initially, we note that Mr. Gonsalez's arguments are prolix, vague, and contain little discussion of the precise circumstances of this case.[3] Further, as the government notes, Mr. Gonsalez has not attempted to show that the denial of a continuance rests on an irrational explanation, a departure from policy, or an impermissible basis. Indeed, Mr. Gonsalez scarcely mentions the BIA's decision

---

[3] For example, he states

> that the denial of Petitioner's later applications before the Immigration Court constitutes 'inviduous discrimination' between Immigrants who live and work in States, Districts, or Circuits wherein the political discourse seems obviously to have affected the predisposition of elected or appointed officials to oppose or resist the interpretations of the highest executive or highest judicial pronouncements on the law and those who live elsewhere.

Aplt. Opening Br. at 17. But he provides no clear guidance or support for how this sweeping and argumentative generalization applies to the BIA's decision in this case. We deem this, and other similar inadequate and unsupported arguments, to be waived. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("[I]ssues will be deemed waived if they are not adequately briefed." (internal quotation marks omitted)); *Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute.").

insofar as it upheld the denial of a continuance or the withdrawal of his first attorney. Consequently, Mr. Gonsalez has waived any challenge to those aspects of the BIA's decision. *See Therrien v. Target Corp.*, 617 F.3d 1242, 1253 (10th Cir. 2010) ("[F]ailure to raise an argument sufficiently in the opening brief waives that argument.").

## II. Due Process

It appears that Mr. Gonsalez's primary contention involves the denial of due process. He claims that his rights were arbitrarily denied in a "perfunctory hearing" and that the IJ "avoid[ed] . . . the evidence" and "foreclosed the raising of any questions on the nature of the turnaround." Aplt. Opening Br. at 18, 21, 27, 28. We disagree.

"Because aliens do not have a constitutional right to enter or remain in the United States, the only protections afforded are the minimal procedural due process rights for an opportunity to be heard at a meaningful time and in a meaningful manner." *Arambula–Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (internal quotation marks omitted). "To prevail on a due process claim, an alien must establish not only error, but prejudice." *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009).

First, regarding procedural error, Mr. Gonsalez's characterizations of the proceedings in immigration court are entirely unfounded. The IJ gave Mr. Gonsalez and his counsel opportunities to show a prior lawful admission, to assert and then

re-assert a fruit-of-the-poisonous-tree argument, to raise the possibility of DACA relief, to request a continuance, and to support his cancellation application (even though it was untimely). The hearings were not perfunctory exercises. And to the extent Mr. Gonsalez maintains that the IJ was biased, the record belies that claim.

Nor did the IJ avoid any evidence or foreclose any arguments regarding cancellation. Indeed, Mr. Gonsalez presented no evidence to avoid. He offered nothing in support of his cancellation application and apparently decided to pretermit the issue himself in hopes of a favorable appeal to the BIA on the denial of a continuance.

Mr. Gonsalez contends in his reply brief that the IJ should have warned or advised him that he "was assuming the obligations unfinished by his prior Attorney" and that he was "eligib[le] to apply for any of the benefits" listed in the regulations. Reply Br. at 2, 4. We generally do not consider arguments raised for the first time in a reply brief, *Mays v. Colvin*, 739 F.3d 569, 576 n.3 (10th Cir. 2014), and Mr. Gonsalez offers no reason for us to deviate here from that general rule.

Second, even if Mr. Gonsalez could show he was denied a meaningful hearing, he has not shown any prejudice. As the BIA noted, Mr. Gonsalez has never identified any evidence supporting cancellation that the IJ should have allowed,

either at the hearing or at a continued hearing.[4]  Consequently, Mr. Gonsalez's

due-process argument fails.

**CONCLUSION**

The petition for review is denied.  Mr. Gonsalez's application to proceed on

appeal in forma pauperis is granted.

Entered for the Court


Wade Brorby
Senior Circuit Judge

---

[4]      Insofar as Mr. Gonsalez argues that he was prejudiced because the IJ improperly relied on evidence that he was turned around at the border on March 31, 2001, we note that he mischaracterizes the IJ's decision.  The IJ denied cancellation of removal because Mr. Gonsalez had not provided any evidence showing he had been continuously present in the United States for ten years.  As the BIA observed, an alien bears the burden of establishing eligibility for cancellation of removal, *see* 8 U.S.C. § 1229a(c)(4), and Mr. Gonsalez failed to specify "what evidence he would have filed or testimony he would have provided" in support of his cancellation application.  R. at 9.  Mr. Gonsalez has offered nothing to undermine the BIA's observation.