**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROSANA VIGIL-LAZO,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 13-9594
(Petition for Review)

## ORDER AND JUDGMENT[*]

Before **MATHESON**, **PORFILIO**, and **PHILLIPS**, Circuit Judges.

Rosana Vigil-Lazo, a native and citizen of El Salvador, petitions for review of

an order by the Board of Immigration Appeals (BIA) affirming a decision by the

Immigration Judge (IJ) denying her applications for asylum, restriction on removal,

and protection under the Convention Against Torture (CAT). Exercising jurisdiction

pursuant to 8 U.S.C. § 1252, we dismiss the petition in part and deny it in part.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

Ms. Vigil-Lazo entered the United States illegally in March 2007.  She was charged with being subject to removal under 8 U.S.C. § 1182(a)(7)(A)(i), as an alien who did not possess a valid entry document at the time of application for admission. Ms. Vigil-Lazo conceded removability as charged, but requested asylum, restriction on removal, and protection under the CAT.  She alleged that she had been, and would continue to be, persecuted in El Salvador by members of the Mara gang.

Ms. Vigil-Lazo had a hearing on her applications for relief before an IJ.  She testified that she met and began dating David Molina when she was thirteen years old, but did not know at the time that he was a gang member.  When she was eighteen, she moved in with him.  She testified that Mr. Molina was abusive and beat her because he was jealous, distrustful, and often drunk or high on drugs.  On one occasion his beating caused her to miscarry a pregnancy, and another time, he cut her hand with a knife.  She ultimately decided to leave Mr. Molina because of the abuse and moved in with her uncle.

After she moved away from Mr. Molina, she testified that three letters were placed at her uncle's doorstep in January and February 2007.  The first one demanded rent money of $50 and was signed by the "Mara."  She did not pay the money.  The second letter asked for $100 in rent money for the Mara gang, and again she did not pay the money.  The third letter stated that because Ms. Vigil-Lazo did not pay the money, she was required to join the Mara gang and as a member, she would be

sexually abused by other gang members.  She did not join the gang.  After receiving the letters, Ms. Vigil-Lazo decided to leave El Salvador, and she came to the United States in March 2007.

Ms. Vigil-Lazo testified that the gang asks anyone who has money to pay rent and if people pay the money, they are protected and nothing happens to them as long as they keep paying the rent.  She testified that she did not report any of the letters to the police because she believed the police would not help her, and she thought reporting the incidents would only cause more problems.  On cross-examination, Ms. Vigil-Lazo was asked whether the police would protect a woman if they were notified about a domestic abuse situation.  She testified that she thought they would, but she did not know "how sure it would be."  Admin. R. at 264.

In his decision denying relief, the IJ determined that Ms. Vigil-Lazo had not shown she had been or would be persecuted in El Salvador on account of a protected ground, and therefore she was not eligible for asylum or restriction on removal.  The IJ also denied Ms. Vigil-Lazo's CAT claim, finding that although "the government of El Salvador is less than completely effective in protecting against domestic abuse," there was no evidence showing the government acquiesces in the torture of its citizens or would acquiesce in her torture.  *Id*. at 175.

In her appeal to the BIA, Ms. Vigil-Lazo retained new counsel, and she argued that her former counsel provided ineffective representation.  In dismissing the appeal, the BIA agreed with the IJ that Ms. Vigil-Lazo failed to meet her burden of proof for

asylum, restriction on removal or CAT relief. The BIA further determined that Ms. Vigil-Lazo had not established ineffective assistance of counsel and resulting prejudice. Ms. Vigil-Lazo now petitions for review of the BIA's decision.[1]

II. Discussion

"We review the BIA's legal determinations de novo and its findings of fact for substantial evidence." *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010). We are limited to reviewing issues related to Ms. Vigil-Lazo's order of removal that have been administratively exhausted. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available . . . as of right"); *see also Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("To satisfy § 1252(d)(1), an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court.").

Ms. Vigil-Lazo begins by asserting that she is a "'Following to Join'" child, who is trying to reach her father, who enjoys Temporary Protected Status (TPS) in the United States. Pet'r Br. at 20. She contends that "the IJ should have considered the totality of [her] circumstances including family unity in the Asylum adjudication." *Id.* She further argues that the principles of family unity should apply to her case, and that the IJ should have considered the possibility of humanitarian

---

[1] In her appellate brief, Ms. Vigil-Lazo does not challenge the BIA's denial of restriction on removal under 8 U.S.C. § 1231(b)(3). Consequently, she has waived that issue. *See Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived.").

relief. But Ms. Vigil-Lazo did not raise any of these arguments before the IJ or the BIA. She has therefore failed to exhaust her administrative remedies, and we lack jurisdiction to consider these arguments. *See* 8 U.S.C. § 1252(d)(1); *Garcia-Carbajal*, 625 F.3d at 1237.

Ms. Vigil-Lazo also argues that she is entitled to relief under the CAT because it is more likely than not she will be tortured upon removal.[2] In order to establish eligibility for relief under the CAT, the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The BIA affirmed the IJ's determination that the record did not contain any evidence that the government of El Salvador acquiesces in the torture of individuals or would acquiesce in Ms. Vigil-Lazo's torture if she were returned to El Salvador. Ms. Vigil-Lazo cites no record evidence to demonstrate that the BIA erred.

---

[2] Although Ms. Vigil-Lazo mentions her asylum claim in her appellate brief and makes the conclusory assertion that she is part of a group that should be protected through asylum, namely former spouses of gang members, *see* Pet'r Br. at 16, 20, she does not offer any substantive argument as to how the BIA erred in denying her asylum claim. Instead, she focuses her argument on the denial of her CAT claim. *See id.* at 22-26. She does contend that "the IJ summarized the established record to avoid 'protected class' status," *id.* at 23, which might be considered a challenge to the denial of her asylum claim. But this argument is not adequately developed and is not supported by any citations to legal authority or the record. *See id.* Under these circumstances, we conclude that Ms. Vigil-Lazo has waived any challenge to the denial of her asylum claim because it has been inadequately briefed. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

Next, Ms. Vigil-Lazo contends that her due process rights were violated because she was not advised she would be subject to the ten-year bar on re-entry if she departs the United States or is removed. In her brief to the BIA, Ms. Vigil-Lazo argued that the failure of her former counsel and the IJ to advise her about the ten-year re-entry bar constituted both ineffective assistance of counsel and a violation of due process. The BIA determined that Ms. Vigil-Lazo did not present "sufficient argument or evidence" to establish ineffective assistance of counsel and a denial of due process. Admin. R. at 4-5. In her brief, Ms. Vigil-Lazo no longer contends that her former counsel was ineffective, but casts this issue only as a due process violation.

"[A]liens do not have a constitutional right to enter or remain in the United States . . . ." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009). "[A]n alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness, or in other words, only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) (internal quotation marks omitted). "To prevail on a due process claim, an alien must establish not only error, but prejudice." *Id*.

Even assuming that the IJ had a duty to advise her of the re-entry bar and that the failure to do so rises to the level of a due process violation, Ms. Vigil-Lazo has failed to identify any resulting prejudice. Although she argues that her removal will

separate her from her parents for ten years or more, she has not argued, much less demonstrated, that knowing about the re-entry bar would have made any difference in her removal proceedings. Ms. Vigil-Lazo fought her removal by requesting the only relief and protection for which she was eligible, and she does not explain how awareness of the consequences of her unlawful presence in the United States would have had an effect on her removal proceeding. *Cf. United States v. Aguirre-Tello*, 353 F.3d 1199, 1208-09 (10th Cir. 2004) (holding that in order to prevail on a due process claim, an alien must show that there is a reasonable likelihood he would have obtained the requested relief had the IJ specifically advised him about that relief).

Ms. Vigil-Lazo had a full and fair opportunity to be heard before the agency, and she has not identified or explained how prior notice of the ten-year re-entry bar would have changed the outcome of her case. We therefore agree with the BIA that she has failed to establish a due process violation.

Finally, Ms. Vigil-Lazo argues that her removal will violate the Eighth Amendment, but she did not raise that argument before the BIA and therefore we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Garcia-Carbajal*, 625 F.3d at 1237.

III. Conclusion

For the foregoing reasons, we dismiss for lack of jurisdiction the arguments that Ms. Vigil-Lazo failed to exhaust with the administrative agency. We deny the

remainder of the petition for review.  We grant Ms. Vigil-Lazo's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court


Gregory A. Phillips
Circuit Judge