**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAVIER MEDINA-CHIMAL,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 14-9564
Petition for Review

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Javier Medina-Chimal is an alien without status. He moved for a

continuance of his removal proceedings so that he could pursue various avenues

of relief. The immigration judge (IJ) denied his request, finding there was no

evidence that he was eligible for relief from removal and entered an order of

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

removal. The Board of Immigration Appeals (BIA) affirmed, and Medina-Chimal now seeks review in this court.

Exercising jurisdiction under 8 U.S.C. § 1252(a), we DENY his petition for review.

# I. Background

Medina-Chimal, a native and citizen of Mexico, entered the United States illegally in 1999. In 2002, he pleaded guilty to driving under the influence in Colorado state court. The government subsequently instituted removal proceedings against him with the issuance of a notice to appear. An IJ granted him voluntary departure in lieu of removal, and in November 2002, he returned to Mexico.

At some point, Medina-Chimal reentered the United States. In 2011, he was convicted in Colorado state court for driving without a license, and the government again instituted removal proceedings, charging him with being removable as an alien present without being admitted or paroled. Medina-Chimal appeared at his immigration hearing and, through counsel, admitted the factual allegations in the notice to appear (with the exception of his alleged entry date) and conceded his removability as charged. The IJ continued the master calendar hearing for six months to allow Medina-Chimal to determine whether he was eligible for any form of relief. The IJ explained to the parties that "[a]ny relief

application not submitted by that date shall be deemed abandoned." Admin. R. at 219.

Six months later, Medina-Chimal appeared before the IJ with new counsel and requested a continuance. The IJ granted a six-month continuance, despite voicing his doubt that there was any relief for which Medina-Chimal would be eligible. He again told the parties the new hearing date would "be final for relief applications." *Id.* at 226. At the final hearing, Medina-Chimal moved for another continuance, citing the need for more time to pursue applications for cancellation of removal and an adjustment of status based on a pending labor certification. The IJ denied the continuance, finding (1) an application for cancellation of removal "would [have] be[en] denied had it been submitted to the Court" because Medina-Chimal could not establish ten years of continuous physical presence in the United States, and (2) he would not be eligible for any form of adjustment of status because his illegal reentry after having previously been in the United States illegally for more than one year rendered him permanently inadmissible.[1] *Id.* at

---

[1] To be eligible for adjustment of status an alien must be "admissible." 8 U.S.C. § 1255(i)(2)(A). Section 1182(a)(9)(C)(i)(I) of the Immigration and Nationality Act states that "[a]ny alien who . . . has been unlawfully present in the United States for an aggregate period of more than 1 year . . . and who enters or attempts to reenter the United States without being admitted is inadmissible." The statute provides "an exception to permanent inadmissibility . . . but it requires, among other things, that the alien remain outside the country for more than ten years before seeking readmission." *Padilla-Caldera v. Holder*, 637 F.3d 1140, 1142 n.3 (10th Cir. 2011) (citing 8 U.S.C. § 1182(a)(9)(C)(ii)).

212–13. The IJ ordered Medina-Chimal removed from the United States to Mexico.

The BIA affirmed the IJ's order in a single-member decision. Specifically, the BIA agreed with the IJ that Medina-Chimal failed to demonstrate good cause for a continuance because of the "undisputed fact that [he] was found removable and granted voluntary departure by an Immigration Judge in 2002" precluded him from establishing the requisite ten years of continuous presence in the United States for cancellation of removal. *Id.* at 4. Thus, the BIA concluded that the application for cancellation of removal "was properly pretermitted." *Id.*

## II. Analysis

### A. Denial of Motion for Continuance

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. We review the denial of a continuance for abuse of discretion. *Luevano v. Holder*, 660 F.3d 1207, 1213 (10th Cir. 2011). "Only if the decision was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis, will we grant the petition for review." *Id.*

To support his motion for a continuance, Medina-Chimal cited the need for more time to pursue an application for cancellation of removal. To be eligible for cancellation, however, 8 U.S.C. § 1229b(b)(1) requires an alien to show, among other things, that he "has been physically present in the United States for a

-4-

continuous period of not less than 10 years immediately preceding the date of such application." The BIA found Medina-Chimal had not established good cause for a continuance because his "voluntary departure in November 2002 . . . constitute[d] a meaningful break in [his] continuous physical presence and preclude[d] [him] from establishing the requisite 10 years." Admin. R. at 3.

The BIA relied on its prior interpretation of the statute "that a departure that is compelled under threat of the institution of deportation or removal proceedings is a break in physical presence for purposes of section [1229b(b)(1)(A)]" cancellation. *In re Romalez-Alcaide*, 23 I. & N. Dec. 423, 424 (BIA 2002); *see also* Admin. R. at 3 (citing *Romalez-Alcaide*). We have previously held that the BIA's interpretation of the continuous-physical-presence statute is reasonable and entitled to *Chevron* deference.[2] *See Barrera-Quintero v. Holder*, 699 F.3d 1239, 1246 (10th Cir. 2012). Thus, the IJ's denial based on Medina-Chimal's ineligibility for cancellation relief, and the BIA's dismissal of his appeal, was dictated by BIA precedent. We find nothing in Medina-Chimal's brief, or from our own careful review of the record, that suggests the denial of the continuance was "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Luevano*, 660 F.3d at 1213.

_____

[2] *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

Although the BIA affirmed based on Medina-Chimal's inability to establish the requisite ten-year continuous presence, the BIA's decision also incorporated by reference all of the IJ's reasoning. Admin. R. at 4 ("For the foregoing reasons, and those articulated by the Immigration Judge in his decision, we affirm . . . ."). When, as here, the BIA affirms in a single-member decision and "explicitly incorporates the IJ's reasoning, we review it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007); *see also Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). We suspect the BIA's language alludes to the IJ's finding that granting a continuance to pursue an adjustment of status would be futile given Medina-Chimal's permanent inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(i). After review of the IJ's reasoning, we agree with the government that the IJ's denial of the continuance was "eminently rational," *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011), because § 1182 clearly precluded an adjustment of Medina-Chimal's status. *Cf. Young Hee Kwak v. Holder*, 607 F.3d 1140, 1144 (6th Cir. 2010) ("[W]e have declined to find an abuse of discretion when the petitioner did not provide any evidence that suggested a likelihood of success on the merits of the pending petition, and the IJ had little reason to believe petitioner would not be able to obtain an adjustment of status." (internal quotations and alterations omitted)).

The government contends that we could have skipped this analysis altogether and instead found Medina-Chimal waived any challenge to the denial

of the continuance by inadequately briefing the issue on appeal. Aple. Br. at 15 (noting that Medina-Chimal mentions the continuance issue twice in his brief). While we agree with the government's characterization of Medina-Chimal's briefing (and its inadequacies prove fatal to his constitutional arguments below), we elect not to find waiver here because we easily conclude there was no abuse of discretion.

### B. Constitutional Arguments

Medina-Chimal makes a number of constitutional arguments, from due process to equal protection to the Eighth Amendment. We agree with the government's characterization of the brief as "so incoherent, unclear, and disorganized that [it] is difficult to discern any precise legal argument, to the point that it amounts to a hardship on Respondent and the Court." *Id.* at 21. Accordingly, we find these arguments waived.[3] *See Garrett v. Selby Connor*

---

[3] We note with concern that Medina-Chimal is not proceeding pro se on appeal, but is represented by counsel, John E. Reardon. The government points us to several cases in which this court has dismissed appeals filed by Mr. Reardon for similar deficiencies. Aple. Br. at 20; *see Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009) ("Equal protection comprises a substantial portion of the opening brief, but nowhere does Herrera articulate his specific contentions, the action he is challenging, or how the government specifically violated his rights. Instead, the brief cites to cases only tangentially relevant to the one before this court, reviews irrelevant allegations of immigration abuses by the government, and makes policy arguments beyond the court's purview."); *Gonsalez v. Holder*, 567 F. App'x 612, 614 (10th Cir. 2014) ("[W]e note that Mr. Gonsalez's arguments are prolix, vague, and contain little discussion of the precise circumstances of this case."); *id.* at 614 n.3 ("[H]e provides no clear guidance or support for how this sweeping and argumentative generalization

(continued...)

*Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("Issues will be deemed waived if they are not adequately briefed." (alterations omitted)); *see also Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007).

To be clear, we detect no merit in any of the constitutional arguments raised. Despite the insinuations of bias and the characterization of the IJ's decision as an arbitrary denial of relief after a "perfunctory" hearing, our review of the record reveals the opposite: Medina-Chimal's case received careful and reasoned consideration by the IJ. Without question, Medina-Chimal received his right to procedural due process—"the opportunity to be heard at a meaningful time and in a meaningful manner"—in the removal proceedings. *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009).

---

[3](...continued)
applies to the BIA's decision in this case. We deem this, and other similar inadequate and unsupported arguments, to be waived."); *Pizano-Zeferino v. Holder*, 432 F. App'x 767, 770 (10th Cir. 2011) ("[H]is unfocused arguments about due process and equal protection fail to demonstrate that he did not receive a fair administrative proceeding for purposes of his due process claim or that he was treated differently from similarly-situated persons for purposes of equal protection. We discern no substantial constitutional issue presented in these arguments."). And our own research revealed more. *See Vigil-Lazo v. Holder*, 571 F. App'x 708, 712 n.2 (10th Cir. 2014) (finding argument waived for inadequate briefing); *Duron-Amador v. Holder*, 381 F. App'x 778, 782 (10th Cir. 2010) (finding brief failed to comply with Federal Rule of Appellate Procedure 28); *Mendez Suarez v. Comfort*, 117 F. App'x 1, 2 (10th Cir. 2004) ("It is difficult to ascertain specifically what Petitioner is arguing in his brief. . . . To the extent that he intended to raise additional issues, we decline to consider them due to his failure to set forth a coherent argument."). We take this opportunity to again remind counsel that briefs filed in this court must conform to the requirements of Federal Rule of Appellate Procedure 28(a).

Morever, a successful due process claim requires not only allegations of error, but also prejudice. *Id.* The chief error alleged (from what we can discern) is Medina-Chimal's purported lack of notice of the legal consequences of his voluntary departure in 2002, and relatedly, the IJ's failure to inquire during the 2013 hearing whether Medina-Chimal had knowingly waived his rights in 2002. Assuming this to be true, however, Medina-Chimal fails to demonstrate prejudice. When he agreed to voluntarily depart in 2002, he was already in removal proceedings. The voluntary departure order explicitly stated, "if respondent fails to depart as required, the above order shall be withdrawn without further notice or proceedings and the following order shall become immediately effective: respondent shall be removed to MEXICO on the charge(s) in the Notice to Appear." Admin. R. at 39. Medina-Chimal's knowledge of the consequences of voluntary departure would have had no effect on the ultimate outcome. Either way he would have been removed and either way he would have been subject to the re-entry bar. Thus, there is no reasonable likelihood the outcome would have been different. *See Vigil-Lazo v. Holder*, 571 F. App'x 708, 712 (10th Cir. 2014) (rejecting a similar argument). As for the sprinkling of equal protection arguments throughout the brief, these "unfocused arguments . . . fail to demonstrate . . . that he was treated differently from similarly-situated persons for purposes of equal protection." *Pizano-Zefering v. Holder*, 432 F. App'x 767, 770 (10th Cir. 2011).

## III.  Conclusion

For the foregoing reasons, we DENY the petition for review.

Entered for the Court,

PER CURIAM