FILED
United States Court of Appeals
Tenth Circuit

March 26, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SANTIAGO ALEJANDRE-GALLEGOS,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 14-9567
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Worried that he could be deported for his unlawful presence in this country,

Santiago Alejandre-Gallegos sought discretionary relief under 8 U.S.C. § 1229b(b),

which sometimes allows the Attorney General to "cancel" a deportation that would

result in "unusual hardship" to an alien's U.S. citizen family members. *Garcia-*

*Carbajal v. Holder*, 625 F.3d 1233, 1235 (10th Cir. 2010). An Immigration Judge

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied the request and so did the Board of Immigration Appeals. No matter how hard the hardship, the BIA noted, an applicant can't win cancellation of removal if he has been convicted of a crime involving moral turpitude. *See* 8 U.S.C. §§ 1182(a)(2) & 1229b(b)(1)(C). And, the BIA observed, Mr. Alejandre-Gallegos has pleaded guilty to at least one such offense.

Now before us, Mr. Alejandre-Gallegos seeks to undo this decision but his attorney fails to give us any grounds on which we might. Counsel suggests the BIA relied on improper evidence but doesn't supply any citations to the record where it went wrong on the facts (despite Fed. R. App. P. 28(a)(8)(A)). He suggests that the BIA applied the wrong legal standards but doesn't cite any legal authority that might remotely support his claim. He even spends pages discussing *another* criminal charge against his client irrelevant to the one on which the BIA relied. Neither are counsel's shortcomings confined to such important things. His statement of related cases actually includes argument (in defiance of 10th Cir. R. 28.2(C)(1)). He does not "cite the precise reference in the record where [each of his issues] was raised and ruled on" (as required by 10th Cir. R. 28.2(C)(2)) and his statement of the case includes no record citations at all (as required by Fed. R. App. P. 28(a)(6)). His brief contains no "summary of the argument." Fed. R. App. P. 28(a)(7). He hasn't even bothered to "alphabetically arrange[]" his table of authorities. Fed. R. App. P. 28(a)(3)). We could go on.

Essentially, counsel pronounces that the BIA mistook the facts and acted in defiance of law and leaves it to the court to go fish for facts and law that might possibly support his claim. This, of course, the court has no obligation and is poorly positioned to do. In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and "[t]he adversarial process cannot properly function when one party ignores its obligations under the rules." *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1160 (10th Cir. 2007); *see also Aquila, Inc. v. C.W. Mining*, 545 F.3d 1258, 1268 (10th Cir. 2008); *United States v. Hahn*, 359 F.3d 1315, 1329 n.15 (10th Cir. 2004) (en banc). For that reason it's within the court's power "to dismiss an appeal when the appellant has failed to abide by the rules of appellate procedure." *MacArthur*, 495 F.3d at 1161. That's the course we find ourselves forced to take in this case. We dismiss the petition for review.

We confess reluctance about having to proceed so summarily and about having to chastise a professional colleague in this way. Everyone makes mistakes, and surely judges no less than lawyers. But the shortcomings here don't just suggest a mistake, a few, or even a thoroughgoing disinterest in the rules of procedure. They suggest a lack of competent representation. For all we know from counsel's garbled submission before us, his client may have a good claim or at least an arguable one: we just cannot tell. That worry occupied us so much that we decided to review counsel's past filings in this court to see if his conduct here was (hopefully)

- 3 -

anomalous. But the results proved even more disquieting. They revealed that for at least a decade attorney John E. Reardon, Sr., has represented in this court immigrants seeking relief from removal — and that for at least that long his filings in this court have consistently suffered from the sort of shortcomings present in this one. It turns out that this court has noted the problem time and again. It has reminded counsel of his professional obligations. It has admonished him. All to no effect.[1]

At some point, this court has a duty to do more than observe, record, and warn. It has a duty to act. After reviewing the record before us, we are confident that time has more than come. Because we believe sanctions — including suspension from this court's bar and restitution — may be appropriate, we direct the Clerk to initiate a

---

[1] *See, e.g.*, *Medina-Chimal v. Holder*, 14-9564, slip op. at 7 n.3 (10th Cir. Mar. 20, 2015); *Gonsalez v. Holder*, 567 F. App'x 612, 614 (10th Cir. 2014) (noting that Mr. Reardon's arguments "are prolix, vague, and contain little discussion of the precise circumstances of this case"); *Vigil-Lazo v. Holder*, 571 F. App'x 708, 711 n.2 (10th Cir. 2014) (observing that Mr. Reardon "offer[ed no] substantive argument" to support his client's "conclusory" claim of error); *Pizano-Zeferino v. Holder*, 432 F. App'x 767, 770 (10th Cir. 2011) (declining to indulge Mr. Reardon's "unfocused" constitutional contentions and holding that he failed to exhaust certain other arguments); *Duron-Amador v. Holder*, 381 F. App'x 778, 782 (10th Cir. 2010) (denying a petition for Mr. Reardon's failure to comply with Fed. R. App. P. 28(a)); *Herrera-Castillo v. Holder*, 573 F.3d 1004, 1006 n.5, 1010 (10th Cir. 2009) (noting that Mr. Reardon neglected to file his opening brief on time and finding some arguments waived due to his failure to comply with Fed. R. App. P. 28(a)); *Mendiola v. Gonzales*, 189 F. App'x 810, 814-15 (10th Cir. 2006) (rejecting several of Mr. Reardon's arguments as poorly developed or unexhausted); *Mendez Suarez v. Comfort*, 117 F. App'x 1, 2-3 (10th Cir. 2004) (noting the difficulty of "ascertain[ing] specifically what [Mr. Reardon] is arguing in his brief" and deciding only to review a handful of claimed errors "due to his failure to set forth a coherent argument" supporting any others).

disciplinary proceeding against Mr. Reardon.  *See* Fed. R. App. P. 46(c); 10th Cir. R. 46.6; Tenth Circuit Plan for Attorney Disciplinary Enforcement §§ 2.3 & 3.

    *So ordered.*

Entered for the Court

Neil M. Gorsuch
Circuit Judge